STATE OF TENNESSEE ex rel. S. S. McCONNELL, Supt. of Banks v. AMERICAN SAVINGS BANK & TRUST CO.

Western Section. July 31, 1928.

No petition for Certiorari was filed.

Jno. Vorder Bruegge, of Memphis, for appellant.
Auvergne Williams and Eugene L. Lerner, of Memphis, for appellee.

SENTER, J. The questions presented on this appeal grew out of the petition of the Exchange Bank & Trust Company filed in the cause of State of Tennessee ex rel., etc., v. American Savings Bank & Trust Company. After the appointment of the receiver in the above styled cause the intervening petition of the Exchange Bank & Trust Company was filed, alleging that it is a banking corporation formerly engaged in the banking business in Memphis, and alleging that it is a creditor of the American Savings Bank now being liquidated in the chancery court of Shelby county under a receivership decree; that at and before the failure of the American Savings Bank & Trust Company, the petitioner, Exchange Bank & Trust Company, was a depositor creditor of said American Savings Bank & Trust Company, in the sum of $18,145.60. The petition alleged that it then had on deposit with said American Savings Bank & Trust Company the said sum, and sought by its petition to set up its claim for said deposit. The petition alleged that demand had been made upon the receiver and the receiver's agent for the allowance of said claim and that said demand had been refused; that the receiver based his refusal to allow petitioner's claim on the ground that it was subject to set-off against two certain notes, one for the sum of $7,500, made by C. W. Thompson and T. B. Ricks, and one for the sum of $10,000 made by said Thompson and Ricks and J. T. Watson and Lake Hayes, both notes payable to said American Savings Bank & Trust Co.

The receiver for the American Savings Bank & Trust Company filed an answer to said petition, and in which denied that the American Savings Bank & Trust Co., or himself, as receiver, was indebted to peti-

tioner for the deposit account in the sum of $18,145.60, appearing on the books of the bank. The answer set up, in substance, that the American Savings Bank & Trust Company, at the time it went into liquidation, held the two notes above referred to, and that the $18,145.60 represented the proceeds of said notes with the three per cent. accrued interest, and that by special arrangement and agreement with C. W. Thompson, President, and T. B. Ricks, Vice-President of the Exchange Bank & Trust Company, the amount of said deposit was not subject to be drawn out by the Exchange Bank & Trust Co., but was to remain on deposit with said bank to be applied to the payment of said two notes.

The answer further averred that said deposit represented the proceeds of said two notes loaned by the American Savings Bank & Trust Company to the makers of said notes, and was, in fact, the property of the makers of said notes respectively, and that the American Savings Bank & Trust Company was entitled to an equitable set-off of said deposit against said notes, and that said deposit was not the funds of the Exchange Bank & Trust Company, but the same had been placed on deposit in the name of the Exchange Bank & Trust Company with the agreement that it should be subject to the payment of said two notes.

Upon the hearing of the cause before the Chancellor, the Chancellor held and so decreed that the two notes referred to represented personal loans made by the American Savings Bank & Trust Company to the makers of the respective notes, who used the money obtained on said notes to buy stock of the Exchange Bank & Trust Co.; that Thompson, Ricks, Watson and Hayes constituted themselves as a pool to buy stock of the Exchange Bank & Trust Company, as a private enterprise; that the proceeds of the notes did not represent the deposit in the American Savings Bank & Trust Company to the deposit account of the Exchange Bank & Trust Company; the Chancellor further held that the evidence did not support the contention of the receiver that at the time the loans were made respectively, that there was an agreement that the proceeds of the notes would be deposited in the American Savings Bank & Trust Company to the credit of the Exchange Bank, but to be subject to the payment of the two notes referred to. The Chancellor further held that Thompson and Ricks, as the President and Vice-President, respectively, of the Exchange Bank & Trust Company, were without authority to pledge the deposit as security for the payment of the two notes, and that said deposit, could not, therefore, be offset by the receiver against the two notes, and sustained the petition of the Exchange Bank & Trust Company in its claim to have said deposit allowed as a claim against the American Savings Bank & Trust Company, and taxed the cost against the American Savings Bank & Trust Co.

From this decree of the Chancellor the receiver has appealed to this court, and has assigned errors as follows:

"1st. The Chancellor erred in entering the decree sustaining the petition of the Exchange Bank & Trust Company and awarding the said bank a claim against the estate of the American Savings Bank & Trust Company in the sum of $18,145.60.

"2nd. The Chancellor erred in his conclusion and decree thereon to the effect that the receiver was not authorized to charge said notes of said Thompson, Ricks, Watson and Hayes for $10,000 and $7,500, respectively, against said deposit standing in the name of the Exchange Bank & Trust Co.

"3rd. The Chancellor erred in taxing the cost of the proceeding against the receiver."

Under these assignments of error appellant contends, first, that as a proposition of law a receiver of the failed bank has the right to set-off a note of the depositor made to the bank, against the deposit account of the maker or makers of the note, citing several Tennessee cases in support of this contention.

We think there is no question as to the correctness of the rule as contended for by the receiver, but this rule applies to the right of the receiver to apply the deposit of the maker of the note. It is also true that the courts will look beyond the mere name in which a deposit account stands and will inquire as to the true ownership of the deposit. In other words the true ownership of the deposit account is not determined alone from the name in which the account is carried, and the name in which the account is carried only creates a presumption of ownership, but this presumption is overcome by proof of true ownership in another. (Comfort v. Patterson, 2 Lea, 671; National Trust Co. v. Bank, 91 Tenn., 355.) This court recently held in the matter of the petition of Willis against this same bank, that although the deposit account there involved was carried in the name of the wife of Willis, the undisputed facts disclosed that the account in fact belonged to Willis, and that Willis could therefore use the account as a set-off against certain notes which the bank held against him. However, in the present case the petitioner, Exchange Bank & Trust Company, denies that the deposit account involved belonged to the respective makers of the respective notes as claimed by the receiver, but that said deposit account belonged to the petitioner.

We concur in the finding of the facts by the Chancellor to the effect that the money loaned to the respective makers of the two notes was used by the makers of the notes in buying up stock of the Exchange Bank & Trust Company. It appears that at the time the makers of these two notes obtained the respective loans from the American Savings Bank & Trust Company, they pledged as collateral security certificates of stock of the Exchange Bank & Trust Company equal in par value to the amount of the respective notes. It further appears that the makers of the notes paid from $1.10 to $1.15 for this stock, and that the stock at the time it was so pledged as collateral

security to the respective notes was considered to be worth this amount over par value. We are also of the opinion that it is very probably true that in order to procure the American Savings Bank & Trust Company to make these two loans to the respective makers of the respective notes, it was agreed by Thompson and Ricks, President and Vice-President, respectively, of the Exchange Bank & Trust Company, that the Exchange Bank & Trust Company would deposit with the American Savings Bank & Trust Company an amount equal to these loans, and that this deposit would not be drawn out. Both Thompson and Ricks testify that there was no agreement that the Exchange Bank & Trust Company's deposit was made as a pledge, or security for the payment of these notes. Mr. Dixon, of the American Savings Bank & Trust Company, shortly before the Exchange Bank & Trust Company consolidated, or merged with the Fidelity Bank & Trust Co., the Fidelity Bank taking over all the assets of the Exchange Bank & Trust Co. and assuming all its liabilities except liability to stockholders, procured C. W. Thompson, President, and T. B. Ricks, Vice-President of the Exchange Bank & Trust Co., to address the following letter to the American Savings Bank & Trust Company:

"Memphis, Tenn.,
May 21, 1926.

The American Savings Bank & Trust Co.,
Memphis, Tenn.
Gentlemen:

Referring to two notes you hold being your serial number 36359 for $10,000, and No. 37593 for $7500, both notes being signed by C. W. Thompson and T. B. Ricks, et als., the proceeds of which notes were placed to the credit of the Exchange Bank & Trust Company.

We wish to advise that the proceeds of said notes will not be checked against by the Exchange Bank & Trust Company except in cancellation of said notes. In other words, proceeds of these notes are to remain to credit of the Exchange Bank & Trust Company, out of which sum the notes are to be liquidated.

Yours truly,
(Signed) C. W. Thompson,
President
(Signed) T. B. Ricks,
V. P."

The two notes referred to was the note of $10,000, dated June 2, 1925, with C. W. Thompson, T. B. Ricks, J. T. Watson and Lake Hayes as the makers, and the $7,500 note dated May 18, 1926, with C. W. Thompson and T. B. Ricks the makers. The $10,000 note was secured by 100 shares of the stock of the Exchange Bank & Trust

Co. as collateral, and the $7500 note was secured with seventy-five shares of the Exchange Bank & Trust Company as collateral. At the time the above quoted letter was written Mr. F. G. Dixon was cashier of the American Savings Bank & Trust Co., and C. W. Thompson and T. B. Ricks, President and Vice-President, respectively, of the Exchange Bank & Trust Company. At the time the loans were made there was no written agreement or understanding with reference to the deposit made by the Exchange Bank & Trust Company in the American Savings Bank & Trust Company. It is not contended by appellant that the above quoted letter constituted a contract or written evidence of the agreement. Appellant contends, however, that the above letter is evidential of the verbal contract or agreement made between the parties at the time the loans were made to the makers of the respective notes. Thompson and Ricks admit writing the letter, but they both testified that it was written at the urgent insistence of Mr. Dixon, and that Mr. Dixon threatened that if they did not sign the letter, which he himself dictated, that the American Savings Bank & Trust Co. would proceed to charge the notes to the account of the Exchange Bank & Trust Co., but also represented that the letter would not be used. They state that they reluctantly signed the letter because it did not recite the real facts, and they testify that they protested to Mr. Dixon against signing the letter, both for the reason that the letter did not correctly recite the facts, and for the further reason that they were not authorized by the Exchange Bank & Trust Co. to sign such a letter. At that time Mr. Cohn was the President of the American Savings Bank & Trust Company, and Mr. Dixon admits that he did not have any personal knowledge as to the negotiation of the respective loans, and that he only knew what Mr. Cohn had told him with reference to the same. Mr. Cohn died before this petition was filed. Some months before the American Savings Bank & Trust Co. went into liquidation, the Exchange Bank & Trust Company drew a draft on the American Savings Bank & Trust Company for the amount of the deposit, and the American Savings Bank & Trust Co. refused to pay the draft. No further demand seems to have been made by the Exchange Bank against the American Bank until after the receiver was appointed.

We are of the opinion that the evidence preponderates in favor of the contention of appellee, and that the bank deposit did not represent the proceeds of these two loans. It is evident from the record that the proceeds of both loans were used by the respective makers of the respective notes in the purchase of the Exchange Bank & Trust Company's stock on the open market. If this is true it is then clear that the statement in the letter that the deposit in question represented the proceeds from the loans made to the makers of the notes. To this extent, at least, the letter referred to did not correctly recite the facts.

74

We are also of the opinion that the deposit made by the Exchange Bank & Trust Company in the American Savings Bank & Trust Company by the President and Vice-President, Thompson and Ricks, was pursuant to an agreement made between Thompson and Ricks and Mr. Cohn, that they would as officers of the Exchange Bank & Trust Company, make this deposit as an inducement to have Mr. Cohn for the American Savings Bank & Trust Co. to make the respective loans secured by the stock pledged as collateral.

We think it clear that the transaction was handled in this way. However, we are of the opinion that the officers of the Exchange Bank & Trust Co. were without authority to pledge the assets of the Exchange Bank & Trust Co. to secure their own indebtedness. In this view of the case even if the evidence preponderated in favor of the contention of appellant that there was an agreement that this deposit was to remain in the American Savings Bank & Trust Co. as an additional pledge or security for the notes of these parties, such an agreement would not be binding upon the Exchange Bank & Trust Co. This seems to be the holding in Hazelhurst Lbr. Co. v. Carlyle Mfg. Co., 130 Ky., 1, 112 S. W., 934; Andrews v. National Bank, 129 Ga., 53, 58 S. E., 633.

We concur in the finding of the facts as found by the Chancellor, insofar as the determinative questions are concerned. We also concur in the conclusions of law reached by the Chancellor. The finding of the facts by the Chancellor is set out in the record, and we deem it unnecessary to go into a more detailed discussion of the facts in this opinion. We are of the opinion that the assignments of error must be overruled, and the decree of the Chancellor affirmed. The cause will be remanded to the Chancery Court of Shelby County for the carrying out of the decree.

The cost of the cause incident to this petition, and the cost of this appeal, will be paid out of the assets of the American Savings Bank & Trust Co. by the receiver.

Owen and Heiskell, JJ., concur.