S. L. NOCK'S EXR. *v.* D. S. GOODLOE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—247.]

**Debtor's Preference by Mortgage.**

When an insolvent debtor, against whom large judgments are about to be taken, mortgages all of his property to one creditor it is such a preference as comes under the statute, and will amount to an assignment of all of his property for the benefit of all of his creditors; and this is true whether the insolvency and purpose to prefer is known by the mortgagee or not.

APPEAL FROM FAYETTE CIRCUIT COURT.

September 29, 1883.

OPINION BY JUDGE PRYOR:

The first question raised by the pleadings can be readily disposed of, as the appellant could not assail the mortgage as fraudulent until a return of no property found. His levy of the execution did not make a cause of action, nor did the execution of the mortgage prevent a sale of the property under the execution regardless of the mortgage; and when sold and a conveyance made, the chancellor might entertain jurisdiction to remove the cloud upon his title. But with a conveyance to the execution creditor we perceive no reason, if the mortgage was fraudulent, why an action in the nature of an

ejectment could not be maintained by the creditor; but this question is not involved here, nor will the question of actual fraud be considered, as the facts alleged do not authorize the relief on this branch of the case. If fraudulent the remedy was ample and complete by the issual and levy of an attachment when the existence of the alleged fraud could have been fully heard and determined.

The principal question involved is, Did the execution of the mortgage bring the case within the act prohibiting a preference by the debtor of one of his creditors to the prejudice of the others in contemplation of insolvency, etc.? The chancellor below seems to have indulged the belief that the creditor to whom the transfer or mortgage was made must have had some knowledge of the preference designed and the insolvnt condition of the debtor. It is evident from the facts of this record that the object of the debtor was to prefer his father and brother, who were liable as his sureties in a large sum of money, by obtaining the money from one bank at the date of the mortgage, upon a note then executed by his sureties, and with the proceeds discharging an antecedent debt for which these same sureties were liable.

The appellant, Nock, had obtained a judgment for some $10,000 against the debtor in the Louisville Chancery Court, and on the day the execution was due the debtor executed to his father and brother a mortgage upon all his real estate, including many lots of ground in the city of Lexington and some real estate in Louisville. The contents of the mortgage indicate a purpose to make all subordinate to appellees' claim, and the proof is conclusive that the design was to prefer, and, as this court has several times adjudged, it is immaterial whether the creditor knew it or not—the fact of the preference and the insolvency of the debtor brings the case within the provisions of the act. The debtor was not only in an embarrassed condition, but was on the verge of insolvency. He was transferring or conveying by mortgage all of his realty to one creditor, at a time when it was manifest to all that the property would be seized under execution, and when according to the proof in this case it was thought proper to secure those who were his best friends. The proof as to the value of his estate is conflicting, but when the fact appears that he owed $19,000 or $20,000, and that the value of his estate is estimated by some at $12,000 or $15,000 and by others at $25,000 or $30,000 with the homestead exemption and the con-

tingent interests of his wife who was then living on his estate, it satisfactorily appears that the debtor was insolvent, and the purpose to prefer is clearly shown. The excitement manifested in the family of the debtor by reason of the mortgage (shown by others than the wife) shows how it was considered by the husband and father, and the comprehensive stipulations of the writing securing the appellees' connection, with the testimony affecting the value of the estate conveyed, leaves but little room to doubt the intention to prefer and that the preference was made in contemplation of insolvency.

Such, we understand, would have been the ruling below, but the chancellor was impressed with the idea that these facts must have been known to the creditor as well as the debtor. Such is not the construction of the act as given by this court, and the recent cases of *Dean v. Skinner's Admr.,* 11 Ky. Opin. 302, 3 Ky. L. 336, and *Dils v. Adkins,* 11 Ky. Opin. 298, are conclusive of the question.

A construction requiring that both creditor and debtor must be in possession of all the facts constituting the constructive fraud would be in effect repealing the statute against such preferences. This case must go back with directions to adjudge that the execution of the mortgage to appellees operated as a transfer of all the property and effects of the debtor to his creditors, etc., and for further proceedings consistent with this opinion.

*Breckinridge & Shelby, for appellant.*

*Buckner & Allen, for appellees.*

[Cited, *Northern Bank v. Farmers' Nat. Bank,* 111 Ky. 350, 23 Ky. L. 690, 63 S. W. 604.]