# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY

## SEPTEMBER TERM, 1908

CASE 1—ACTION BY THE HAZELHURST LUMBER COM-
PANY AGAINST THE CARLISLE MANUFACTURING
COMPANY AND OTHERS.—October 21

## Hazelhurst Lumber Co. v. Carlisle Mfg. Co.

Appeal from Carlisle Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment of dismissal. Plaintiff appeals.—Reversed.

1. Pleading—Petition—Alleging Defendant's Liability in the Alternative—Application of Rule.—The rule that a petition can not allege two states of case, in one of which the defendant is liable and in the other he is not, does not apply to a petition in an action to recover a payment made by an insolvent corporation as a preference, where the allegations were that the debt preferred was the corporation's debt for money borrowed of defendant bank on notes of three stockholders and used in the business, but, if the debt was that of the three stockholders, they used the corporation's funds in paying their own debt, so that it was a wrongful conversion of the funds with the bank's knowledge, since in either case a cause of action was stated against the bank.
2. Same—Formal Defects—Notice to Elect or to Make More Certain.—Where a petition alleges defendant's liability in the alternative, if there is a formal defect in the petition, in that

it did not show that plaintiff did not know which of the two states of case was true, it is ground for a motion to elect or to make the petition more certain, but not for a dismissal of the action.

3. Same—Waiver of Defects by Answer to Merits.—A defect in the petition is waived by answer to the merits.

4. Principal and Agent—Giving Credit to Agent.—If a creditor elects to give credit to an agent, and not to his principal, when he has all the facts before him, he can not hold the principal for the debt though the principal got the benefit of the credit.

5. Corporations—Officers—Trustees of the Company's Funds.— The officers of a corporation hold its funds as trustees for the stockholders and creditors, and it is a breach of the trust for a trustee to pay his own debt out of the trust fund and leave other debts unpaid, thus getting an advantage for himself out of his trust position.

6. Same — Insolvency — Preferences.—A bank had furnished money to a corporation on the notes of its directors. The corporation's plant having burned, and the insurance money being deposited in the bank to the corporation's credit and the corporation insolvent, the directors applied the money to the payment of their notes, canceling their debt to the bank and the corporation's debt to them. Held, That the payment was a preference of one creditor over others, forbidden by statute.

7. Same—Action to Recover—Necessary Parties Defendant.—In an action by a creditor of an insolvent corporation to recover money paid by the corporation to a creditor bank as a preference, the corporation and the bank were the only necessary defendants.

8. Same—Notice by Creditor of Intent of Debtor to Prefer.—It was not material that the bank preferred had no notice of the corporation's intent to prefer, as the intent of the corporation governs.

9. Same—Return of Preference—Remittance to Securities for Debt.—Where a creditor of an insolvent has received a preference, upon repayment thereof the creditor will be remitted to the notes and securities which were formerly held for the debt.

10. Same—Action to Recover Preferences—Proper Parties.— Where a transfer of an insolvent corporation's assets by the directors is attacked as a preference, the directors appearing to have an interest in the matter are proper parties defendant;

Hazelhurst Lumber Co. v. Carlisle Mfg. Co.

but, when the suit is brought in time against the transferror and transferee, it will not be defeated if it afterward appears that others not joined have an interest in the transfer, making them proper defendants.

J. M. NICHOLS & SON for appellant, Hazelhurst Lumber Co.

We submit that it can not be the law that the owners of an insolvent corporation may take its assets and pay their individual debts, and yet not be liable to the creditors of the corporation. Such a doctrine seems to us to be monstrous, and can not be sustained upon any ground whatever. This ruling is such flagrant error that it does not seem to us necessary to do more than to call attention to it in order to have it condemned. (Nat. Bank of Ky. v. Farmers' Nat. Bank, 63 S. W. 604; Industrial Mutual Deposit Co.'s Receiver v. Taylor, 82 S. W. 574.)

ROBBINS & THOMAS, attorneys for appellee, People's Bank of Bardwell.

J. E. BRIDGEWATER of counsel.

In this case, under the record as it stands, the appellant has no right against anybody except a personal judgment against the Carlisle Manufacturing Company, and the right of having the transaction, so far as Vaughn and Lovelace are concerned, adjudged a preference under section 1910. But there is no right of action against the People's Bank, under section 1910, for the good reason that the relation of debtor and creditor did not exist between the Carlisle Manufacturing Company and the People's Bank.

## AUTHORITIES CITED.

29 Cyc. 1136; Leigh v. Briggs, 33 Ill. 534; Kelso v. Fleming, 104 Ind. 180; Foster v. Payne, 63 Iowa 85; Scott v. Atchison, 36 Texas 76; Smith v. Young, 11 Bush 393; Meier v. Flinchback, 15 Ky. Law Rep. 484; Ky Statutes, section 1910.

JOHN W. RAY for appellees, Lovelace & Vaughn.

J. D. WHITE & SON of counsel.

Hazelhurst Lumber Co. v. Carlisle Mfg. Co.

POINTS.

1. An act of preference was alleged to have been committed October 11th and 13th, 1906. An amended petition making appellees, Lovelace, &c., parties, filed May 23rd, 1907, was too late under the statute and was demurrable.

2. The plea in the alternative is insufficient. (Brown v. I. C. R. R. Co., 100 Ky. 525; L. & N. R. R. Co. v. Ft. Wayne E. Co., 108 Ky. 113.)

3. By the amendment there was a misjoinder of parties as well as of causes of action. The action against the bank was under the statute, that against these appellees was in equity, and there was no joint liability.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

The Carlisle Manufacturing Company was in debt to the Hazelhurst Lumber Company in the sum of $814.67, for which the lumber company held its note, dated November 3, 1906, and due one day after date. On the 30th day of September the plant of the Carlisle Manufacturing Company was destroyed by fire. The plant was insured in the sum of $2,600. The insurance was paid, and the money was deposited in the People's Bank of Bardwell. On February 5, 1907, this suit was brought by the lumber company against the Carlisle Manufacturing Company and the bank, in which it was charged that the manufacturing company, in contemplation of insolvency and with the design of preferring the bank to its other creditors, had in October, 1906, paid the bank out of the insurance money a debt of $1,600 which it owed it; that the manufacturing company was insolvent; and that the payment operated as an assignment for the benefit of all its creditors. The appointment of a receiver was asked, and a settlement of the affairs of the Carlisle Manufacturing Company. The defendants

filed an answer, which traversed the allegations of the petition. On June 12, 1907, the plaintiff tendered an amended petition, which was filed on June 13th. In this amended petition it alleged that the bank held three notes for borrowed money executed by J. H. Lovelace, W. B. Vaughn, and S. P. Vaughn, that the money had been used in the business of the Carlisle Manufacturing Company, and that the debt was in fact its debt to the bank; the three notes aggregating $1,600 and being the same debt referred to in the original petition. The plaintiff further averred that if the debt was the individual debt of J. H. Lovelace and the two Vaughns, and not the debt of the Carlisle Manufacturing Company, that Lovelace and the two Vaughns were the sole owners of the stock in the company and in sole charge of the business, and that, if they had used the funds of the company in paying their own debt to the bank, it was a misapplication of the company's funds, made with the knowledge of the bank when the company was insolvent and was known to be so, and was a wrongful conversion of the company's funds. Lovelace and the two Vaughns were made defendants to the petition, and filed a demurrer to it, which was not acted on. The bank filed an answer, in which it traversed the allegations of the amended petition, and, the case being submitted, the court entered a judgment dismissing the action. The plaintiff appeals.

The proof shows that the three notes referred to were executed for money borrowed for the Carlisle Manufacturing Company by Lovelace and the two Vaughns, who were its sole stockholders and managing agents; that the bank declined to take the note of the corporation for the money, and required Lovelace and the two Vaughns to execute their individual

notes for it, and to give security, which they did.
The notes were renewed several times, and were
unpaid when the plant burned. When the first
installment of the insurance money was paid, it was
deposited in the bank to the credit of the manufactur-
ing company, and one of the notes was then charged
to the account; and when the other installment of the
insurance money was collected it was deposited in like
manner, and the other note was then charged to the
account. The manufacturing company was at this
time undoubtedly insolvent, and this was known, or
should have been known, to Lovelace and the two
Vaughns. The bank had sufficient security to secure
the notes. It then gave up the notes to Lovelace and
the two Vaughns, and so far as the proof shows had
no notice that the corporation was insolvent. It is
earnestly insisted that the plaintiff's petition states
no cause of action because it does not state that the
plaintiff does not know which of the two states of case
alleged in the amended petiton is true, and that it
discloses no cause of action against Lovelace and the
two Vaughns because it does not show positively that
they paid their own debt with the corporation's
money, but only shows alternatively that they may
have done so. This court has held that a petition is
bad unless it states a cause of action against the
defendant, and that the plaintiff can not allege in his
petition two states of case, in one of which the defend-
ant is liable and the other he is not. But that is not
this case. If the debt was the debt of the manufactur-
ing company, and the $1,600 was paid upon the debt
when it was insolvent to prefer the bank to its other
creditors, a cause of action exists; and although the
debt was not the debt of the corporation to the bank,
still, if the funds of the corporation were transferred

by it, when insolvent, to the bank to pay the debt, and to prefer thus some creditors to others, the statute applies. If the debt was the debt of Lovelace and the two Vaughns, and not the debt of the corporation, they were without authority to use the funds of the corporation which they represented to pay their own debt; and if the bank was a party to the misapplication a cause of action exists against it. Therefore, in either of the states of case set out in the petition, a cause of action is shown against the bank; and if there was a formal defect in the petition, in that it did not show that the plaintiff did not know which of the two states of facts was true, this was ground for a motion to elect or to make the petition more certain; but it is not ground for a dismissal of the action. The defect in the petition was waived by answer to the merits.

The authorities are to the effect that if the creditor elects to give credit to the agent, and not to the principal, when he has all the facts before him, he will not be allowed to hold the principal liable for the debt, although the principal got the benefit of the money. 1 Am. & Eng. Cyc. of Law, 1138; Story on Agency, section 447; 1 Lawson on Rights and Remedies, section 107. Under the proof the bank clearly elected to make Lovelace and the two Vaughns its debtors, and it had no debt against the corporation. The sum of the case is, then, that the bank had a debt of $1,600 against Lovelace and the two Vaughns, they had a like debt against the corporation for the money advanced to it, and the corporation had in the bank $2,600 of its own money deposited to its credit. In this situation of affairs Lovelace and the two Vaughns checked out to the bank $1,600 of the corporation's money in payment of their debt to the

bank, and thus paid the debt which the corporation owed to them for the money advanced to it. By this transaction they gave this debt of the corporation a preference over its other debts, and the purpose of the transaction was to prefer this debt to the other debts of the corporation. The officers of a corporation hold its funds as trustees for its stockholders and creditors. It is a breach of trust for a trustee to pay his own debt out of the trust fund and leave other debts unpaid. In other words, he is not allowed to get an advantage for himself out of his trust position, and pay his own debt to the prejudice of other creditors. The money in the bank was deposited to the credit of the corporation. If this were an action against Lovelace and the two Vaughns for preferring themselves to the other creditors of the corporation, manifestly the case would be made out. They clearly took the money of the corporation and paid the corporation's debt to them in prefer- ence to other debts. The bank got the money from them, but the money was not in fact paid to them. It was paid by them to the bank; the payment by them to the bank operating to cancel at the same time both their debt to the bank and the debt of the corpor- ation to them. To allow such a circumlocution to defeat the operation of the statute would be to regard the form of a transaction, rather than its substance. The bank had furnished the money to the corporation on the personal credit of the directors. The directors, when the corporation was insolvent, undertook to prefer this debt to the other debts of the corporation. The money being in the custody of the bank, and never leaving it, and being paid directly from the corporation's account to the bank, the transaction falls within the purview of the statute, which, among other

things, includes any device resorted to in contempla-
plation of insolvency and with the design to prefer
one creditor to another. The corporation paid the
money to the bank. The corporation was the trans-
ferror. The bank was the transferee. The transfer
being within the statute, the bank and the corporation
were the only necessary parties defendant; and it was
not material that the bank had not notice of the intent
of the transferror to prefer. Fogarty v. Pace, 4 Ky.
Law Rep. 999; Nock's Exr. v. Goodloe, 5 Ky. Law
Rep. 247; Thompson v. Heffner's Exrs., 11 Bush 359;
Mt. Sterling National Bank v. Priest, 111 Ky. 886,
64 S. W. 972, 23 Ky. Law Rep. 1252, 1315. The intent
of the transferror controls the transaction, and the
bank will be remitted to the notes and securities it
then held. Northern Bank v. Farmers' Bank, 111 Ky.
350, 63 S. W. 604, 23 Ky. Law Rep. 696. Lovelace and
the two Vaughns are proper parties defendant; but
the fact that they were not brought in until after six
months is not material. The thing assailed is the
transfer of the corporation's assets by it to the bank.
As Lovelace and the Vaughns appeared to have an
interest in the matter, they were properly joined and
given an opportunity to defend; but, when the suit is
brought in time against the transferror and trans-
feree it will not be defeated if it afterwards transpires
that others have an interest in the transfer, making
it proper that they should be made defendants.

Judgment reversed, and cause remanded for
further proceedings consistent herewith.