PARLEE WESTER *et al. v.* REUBEN HURT *et al.*

(*Knoxville.*  September Term, 1910.)

1. **PRIVY EXAMINATION. Married woman's deed without privy examination is void, when; statutory form must be observed.**

   The deed of a married woman living with her husband, conveying her general estate in land, is void without her privy examination; for it is necessary that every material part of the statutory form of this examination be observed to make the probate of the deed valid upon its face. (*Post, p.* 510.)

   Code cited and construed:  Sec. 3753 (S.); sec. 2891 (M. & V.); sec. 2076 (T. & S. and 1858).

2. **SAME. Same. Of a married woman to her deed is a judicial act, and establishes what.**

   The action of the officer taking the separate acknowledgment, or privy examination, of a married woman to her deed conveying her general estate in land, is a judicial act, and establishes, by judicial force, that there was a personal interview between him and her, private and apart from her husband, and that the execution of the deed was confessed to have been made freely, voluntarily, and understandingly, and without compulsion or constraint from her husband, for the purposes therein expressed. (*Post, p.* 510.)

3. **SAME. Certificate establishes probate of deed which cannot be attacked by extrinsic evidence, except for fraud of the grantee.**

   When a deed of a married woman or other party has a certificate attached to it, containing all of the material parts prescribed by the statute (Shannon's Code, sec. 3753), and signed by the proper officer, it establishes the probate of the deed as a matter of judicial determination, and this probate cannot be attacked by extrinsic evidence showing any mere irregularity, and it can only be overthrown by proof of fraud or duress, and by a causal connection of the grantee with the fraud. (*Post, pp.* 510, 511.)

Wester v. Hurt.

Code cited and construed: Sec. 3753 (S.); sec. 2891 (M. & V.); sec. 2076 (T. & S. and 1858).

4. **SAME.  Of a married woman as to acknowledgment of her deed cannot be taken by a telephone conversation.**

A married woman's privy examination, or separate acknowledgment to her deed cannot be taken by a telephone conversation; for a personal interview in her physical presence is manifestly required by the statute (Shannon's Code, sec. 3753) to enable the officer to determine judicially that she has executed the deed as required by law. The statutory form of the certificate precludes a construction which would authorize such acknowledgment to be taken over the telephone. (*Post, pp.* 510, 512.)

Code cited and construed: Sec. 3753 (S.); sec. 2891 (M. & V.); sec. 2076 (T. & S. and 1858).

---

FROM ROANE.

---

Appeal from the Chancery Court of Roane County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court. HUGH G. KYLE, Chancellor.

GIDEON HILL, for complainants.

STAPLES & STONE, for defendants.

---

MR. JUSTICE LANSDEN delivered the opinion of the Court.

This case is before us upon a *certiorari* to a decree of the court of civil appeals, reversing the decree of the chancellor, dismissing the complainants' bill.

The facts necessary to be stated are that Mrs. Wes-
ter is the owner of a small tract of land in Roane
county, and she joined her husband in a deed of trust
for the purpose of securing a debt which her son owed
to the defendant Hurt, and after signing the deed it
was taken to the notary public, who called Mrs. Wes-
ter over the telephone and attempted to take her privy
examination by a conversation in this way. The court
of civil appeals held that this acknowledgment was
invalid, and granted to Mrs. Wester the relief she
prayed by canceling the deed of trust.

The deed of a married woman living with her hus-
band, conveying her general estate, is void without her
privy examination. The form of this examination is
prescribed by statute (Shannon's Code, sec. 3753), and
every material part of this form is necessary to make
the probate of the deed valid upon its face. The action
of the officer taking the acknowledgment is a judicial
one, and establishes by judicial force: (1) That there
was a personal interview between him and the bargain-
or; (2) that this interview was private and apart from
the husband; and (3) that the execution of the deed
was confessed to have been made freely, voluntarily,
and understandingly, and without compulsion or con-
straint from her husband, for the purposes therein con-
tained.

When a deed has a certificate attached to it, contain-
ing all of the material parts prescribed by the statute,
and signed by the proper officer, it establishes the pro-
bate of the deed as a matter of judicial determina-

Wester v. Hurt.

tion, and this probate cannot be attacked by extrinsic evidence showing any mere irregularity. It can only be overthrown by proof of fraud or duress, and by a casual connection of the grantee with the fraud.

These conclusions are abundantly established by all of our authorities. It is clear that if the officer taking the privy examination of the married woman does not have a personal interview with her, and does not propound the required questions to her while in her presence, he cannot determine judicially whether the deed has been executed in the manner and under the conditions that the law requires in order to make a valid conveyance of a married woman's estate. This is manifest from the language of the statute itself. The officer is to determine as a matter of judicial judgment that she did execute the instrument freely, voluntarily, and understandingly, and without compulsion or constraint from her husband; and this he cannot do out of her presence, because her appearance, manner, and demeanor may become more potent factors in ascertaining the truth of this than mere formal answers to questions.

The language employed by the legislature in prescribing the form of the certificate made by the officer taking the examination precludes a construction which would uphold an acknowledgment taken in this way, and therefore it was clearly not within the legislative intent that this should be done.

Wester v. Hurt.

We are of opinion, therefore, that this attempted privy examination of Mrs. Wester was a mere empty form, unauthorized by the statute, and the certificate made by the officer, although it contained the proper words, does not establish the facts certified to. The decree of the court of civil appeals, reversing the decree of the chancellor, is therefore affirmed.