## McKinney Deposit Bank v. Cyrus W. Scott Manufacturing Company.

### Ades v. Same.

### Elliott v. Same.

(Decided December 2, 1924.)

### Appeals from Lincoln Circuit Court.

1. Pleading—Defects in Petition Not Demurred to Held. Cured by Proof and Judgment.—In petition to have mortgage adjudged to operate as an assignment for benefit of creditors under Kentucky Statutes, section 1910, any defect in petition failing to allege whether debts were in existence before mortgage was executed were cured by proof and judgment where petition was not demurred to, and proof showed prior existence of such debts, in view of Civil Code of Practice, section 134.

2. Appeal and Error—Finding of Chancellor Not Disturbed where Evidence Conflicting.—On questions of fact, appellate court will give considerable weight to judgment of chancellor, and will not disturb his finding, where mind is left in doubt as to truth.

3. Fraudulent Conveyances—Insolvent Executing Mortgages Held to Intend Necessary Consequences Thereof.—Where insolvent executes a mortgage when he knows, or by ordinary care should know, his condition, he will be held to intend necessary consequences of his act.

4. Fraudulent Conveyances—Actual Intent to Prefer Mortgagee Not Essential.—Under Kentucky Statutes, section 1910, providing that mortgages executed in contemplation of insolvency shall inure to the benefit of creditors, actual intent to prefer one creditor over others need not appear.

J. D. PAXTON for appellants.

KELLY J. FRANCIS for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

These three appeals on the same record will be disposed of in one opinion.

O. W. Carter on July 15, 1921, conveyed to M. L. Elliott 25 acres of land to secure an existing indebtedness of $700.00. The mortgage was recorded December 3, 1921. On September 28, 1921, he conveyed to the David Ades Dry Goods Company another tract of land he owned, containing about half an acre, to secure an existing indebtedness of $470.00. On December 12, 1921, he conveyed to the McKinney Deposit Bank the 25-acre tract to secure an existing indebtedness of $350.00. On March 21, 1922, the Cyrus W. Scott Manufacturing Company, which was a creditor of O. W. Carter, filed this action against him and the mortgagees in the three above mortgages, alleging that each of these mortgages was executed in contemplation of insolvency and with the design to prefer these creditors to the exclusion of his other creditors. The plaintiff prayed that each be adjudged to operate as an assignment and transfer of all of the property of the debtor and inure to the benefit of all his creditors, as provided in section 1910, Kentucky Statutes. Answers were filed controverting the allegations of the petition, proof was taken and on final hearing the circuit court adjudged the plaintiff the relief sought. The defendants appeal.

It is insisted for the appellants that the petition is insufficient to sustain the judgment, in that it does not allege that the debts to the defendants were in existence before the mortgages were executed. The allegation is that the defendant "being indebted to plaintiff as above stated and to the defendants" executed the mortgages referred to. Whether this was a sufficient allegation we need not determine. There was no demurrer to the petition. Its allegations were denied, the proof was taken, which clearly shows that all the debts were in existence before any of the mortgages were executed.

The defect in the petition, if any, was cured by the proof and judgment. In Stevens on Pleading, p. 148, the rule in a common law action is thus stated:

> "Where there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission, is cured by the verdict."

This has always been the equity rule and is recognized in the Civil Code of Practice, section 134, in these words:

> "The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

On the merits the proof shows without controversy that Carter owed $4,700.00. A conservative valuation of his assets is about $4,500.00. A few months later he was admittedly insolvent and unable to pay a large part of his debts. On questions of fact this court gives considerable weight to the judgment of the chancellor and does not disturb his finding where the mind is left in doubt as to the truth, for he is on the ground and acquainted with the witnesses and local conditions. The facts here are persuasive that Carter was insolvent in July, 1921, and from that time on. The chancellor's finding on the facts can not be disturbed.

It is earnestly insisted that there was no intention on the part of Carter to prefer these creditors to others and that the mortgages were in fact executed in the hope that he could pay out and in the usual course of business simply to keep things straight. But it is a well settled rule that when a man is insolvent and executes a mortgage when he knows, or by ordinary care should know, his condition, he will be held to intend the necessary consequences of his act. The purpose of the statute is to secure equality between creditors. The thing it aims

to accomplish is the prevention of the preference of one creditor over the others. If the statute was held to apply only where an actual intent to prefer one creditor to another appeared, its real purpose would be defeated, for its purpose is that there shall be no preference of some creditors to others by an insolvent. Under this rule the circuit court did not err in holding the mortgages in controversy within the statute under the facts shown. Northern Bank v. Farmers' Bank, 111 Ky. 350; Union Trust Co. v. Taylor, 142 Ky. 183; Cecil v. Citzens' Nat. Bank, 145 Ky. 842; Hahn v. Wood, etc., 174 Ky. 138; Terrell v. Cheatham, 200 Ky. 667.

Judgment affirmed.