OF

# THE COURT OF APPEALS

## OF KENTUCKY.

### WINTER TERM, 1863.

CASE 1—FORFEITED RECOGNIZANCE—DECEMBER 11.

## Shaw, &c., vs. Commonwealth.

**APPEAL FROM FULTON CIRCUIT COURT.**

1. Upon an indictment being found, if the defendant is not in custody or on bail, the court should forthwith order process, either a bench warrant or a summons ; but until such order be made, the clerk has no authority to issue process ; and if he does, it will confer on the sheriff no authority to arrest the defendant or to take bail. (*Criminal Code, sections* 140, 141.)

2. A motion for judgment on a bail bond taken in such case should be dismissed.

W. R. BRADLEY, for appellant, cited *Criminal Code, secs.* 25, 39.

J. M. HARLAN, Attorney General, for Commonwealth, cited *Criminal Code, secs.* 80, 92, 94, 89, 88 ; 1 *Met.,* 382 ; 3 *Met.,* 3.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT :

The appellants, among other things relied upon in their answer, deny that the proceedings, as exhibited in the record, are sufficient to authorize a judgment against them, and deny that the slave "Aleck," for whose appearance in court they undertook, was legally arrested, or was in custody at the time the bail bond was executed.

VOL. I—2

Their answer was demurred to and the demurrer sustained.

In considering the demurrer, it is proper to look into the whole record, and give judgment against the party who has first been in default.

*Sec.* 141, *Criminal Code*, provides, upon an indictment being found, if the defendant is not in custody, or on bail, the court shall forthwith make an order for process to be issued thereon, designating whether it shall be for arresting or summoning the defendant; and if for arresting the defendant, and the offense charged be bailable, the sum in which he may be admitted to bail shall be fixed.

By *sec.* 140, *Ib.*, it is provided that the process of arrest shall be issued by the clerk upon the order of the court, and may be reissued from time to time by order of the attorney for the Commonwealth.

Assuming that Aleck, the individual indicted, was neither in custody or on bail, the clerk had no authority to issue process for his arrest until the court had made an order for process of arrest to issue against him.

By virtue *of sec.* 141, *supra*, the court could exercise a discretion to order a bench warrant or a summons; but the clerk certainly had no such discretion; he had no power to issue either until the court made an order for the one or the other; and his action must conform to that order.

It does not appear that any order was made by the court on the subject, consequently the issual of the bench warrant by the clerk was unauthorized, and it conferred no authority whatever upon the sheriff to arrest Aleck or to take the bail bond.

Wherefore, the judgment is *reversed*, and the cause remanded, with directions that the motion for a judgment against appellants be dismissed.