## Bryant v. Stephens et al.

(Decided Dec. 17, 1937.)

E. C. NEWLIN for appellant.

STEPHENS & STEELY and TYE, SILER, GILLIS & SILER for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This is the second time this case has come before us on appeal, and the record herein is the same as was considered by us in Bryant's Trustee v. Stephens et al., 265 Ky. 615, 97 S. W. (2d) 553, 560.

The facts and pleadings in the above case and the ruling of the trial court thereon, of which complaint is here made as improper, are as follows:

Closely following the Civil War, James M. Bryant and John S. Van Winkle became the owners of some 120,000 acres of land situated in Whitley, Montgomery, and other counties of Kentucky and Scott and Campbell counties of Tennessee.

Both of these owners died in 1888, when L. E. Bryant, the oldest of James M. Bryant's children, took charge of the estate.

In 1896 the estate was apportioned and the title to the respective shares put in the names of Louise D. Van

Winkle and Roberta S. Bryant. The title remained in Mrs. Bryant until about 1924, during which time L. E. Bryant had sole charge of the estate, living on the land and looking after its development and management.

Afterwards, Mrs. Bryant conveyed the title to this larger estate to her three children in the ratios of 43 1/3 per cent. to L. E. Bryant, 23 1/3 per cent. to the appellant, D. E. Bryant, and 33 1/3 per cent. to Hester Bryant Glore and her husband, W. S. Glore, but, notwithstanding such division, L. E. Bryant continued in charge of the property and carried on its development and management in the name of the Bryant Estate. Notes, contracts, and deeds called for in the course of his management and mining development of the estate were made in the name of ''The Bryant Estate'' and signed ''Bryant Estate, by L. E. Bryant, Agent.''

The notes which are the subject of this litigation are so signed and also signed by L. E. Bryant personally.

We deem it unnecessary to discuss in any detail the evidence showing the different steps taken by L. E. Bryant in his attempted development of these lands or to say more than that the estate became involved in debt and that the law firm of Stephens & Steely, the appellees, represented it in all the courts in the handling of its various legal matters.

Final settlement was made of the estate in 1928, when it appears some trouble and friction had developed among the members of the family as to the handling of the estate and their interests therein and that they entered into a contract between themselves, in which, among other things, it was provided that L. E. Bryant individually should assume and pay the outstanding Bryant Estate debts, including the notes given for attorney fees to the appellees, Stephens & Steely, without either member of the law firm having, it appears, any knowledge of this family arrangement until the contract evidencing it was filed in the later bankruptcy proceedings in October, 1933.

Late in 1931, I. N. Steely, a member of the law firm, died. Thereafter, in order to better secure the indebtedness of the Bryant Estate, evidenced by these certain notes and which in their aggregate amounted to some $9,000 (given in consideration of their professional services rendered the estate), the mortgage,

which is the subject of and involved in this litigation, was executed by L. E. Bryant to them.

This mortgage covered real estate in Whitley and Montgomery counties, which at that time were jointly owned by L. E. Bryant, Hester Bryant Glore and husband, and D. E. Bryant.

On November 23, 1932, these members of the Bryant family apportioned the estate lands, consisting of approximately 70,000 acres, between themselves. D. E. Bryant, the appellant, received ten separate tracts in Kentucky and one tract of 5,000 acres in Tennessee. The tenth tract of the Kentucky lands allotted him in McCreary county was included in the family mortgage executed to Stephens & Steely by L. E. Bryant.

The validity of this mortgage, it appears, was never questioned by the family, but only by the trustee for the creditors, in so far as it included the lands conveyed, in their partitioning, to the bankrupt, L. E. Bryant.

In this partition, L. E. Bryant received all of the lands in Whitley county covered by this mortgage; D. E. Bryant received the portion of the mortgaged real estate lying in McCreary county, described as his tract No. 10, while Hester Bryant Glore and husband received as their portion of the estate other lands, not covered by the L. E. Bryant mortgage.

Later, on February 4, 1933, D. E. Bryant executed a mortgage to the First National Bank of Somerset, Ky., to secure a note he owed it for $10,874, due six months thereafter. There was included in that mortgage his aforesaid tract No. 10, which, as stated, was also covered by the mortgage previously executed by L. E. Bryant to Stephens & Steely.

This D. E. Bryant mortgage to the bank contained this provision:

"Provided, however, that the mortgage hereby made shall, as to tract No. 10 mentioned above, be junior and inferior to such claim and lien, if any, as may be hereafter determined to accrue to E. L. Stephens, not to exceed, however, the sum of $2,500, whether such lien be now of record or not."

Soon following this partition of this jointly owned estate in November, 1932, L. E. Bryant, in December, 1932, was adjudged a bankrupt and within six months thereafter his trustee in bankruptcy filed suit in the

Whitley circuit court against Stephens & Steely, attacking the mortgage the bankrupt had executed them as a fraudulent and preferential conveyance of a part of his estate to them.

The defendants filed answer, counterclaim, and cross-petition in response to the trustee's petition, wherein they pleaded at length the circumstances involving the creation of the joint tenancy between L. E. Bryant, Hester Bryant Glore, and D. E. Bryant, alleging that the notes secured by the mortgage were their joint obligations, as the joint tenants and owners of the Bryant Estate, and, further, by the pleading sought to have the trustee's petition dismissed on several grounds and also to have the court determine the amount which should be credited against the notes by reason of the joint nature of the obligation and the fact that a portion of the lands covered by the mortgage lay outside of the lands owned by the bankrupt at the time of the filing of the petition in bankruptcy.

Although $2,500 was named as the amount which Stephens & Steely sought by their cross-action to have adjudged a credit on the debt secured by the mortgage, as representing the land of D. E. Bryant, which, although covered by the mortgage, was yet outside that conveyed L. E. Bryant in the partition of the estate lands, no direct relief against the cross-defendants was asked.

Summons was issued on this cross-pleading against the parties named therein, when, no pleading having been filed by these cross-defendants, the defendants Stephens & Steely filed an amended answer, counterclaim, and cross-petition against them, wherein they pleaded at greater length the alleged joint ownership of the obligation secured by the bankrupt's mortgage and specifically sought judgment against the plaintiff trustee and the cross-defendants, D. E. Bryant and Hester Bryant Glore and husband, for the debt, asking that the court enter judgment fixing the rights and liabilities of the plaintiff, defendant, and cross-defendants.

The cross-defendants, including the appellant, D. E. Bryant, filed a motion to quash the return of the summons, upon the ground that the Whitley circuit court had no jurisdiction of the cross-defendants, nor of the cause attempted to be set up by the cross-petition against them, and, further, not waiving this motion, they filed a further motion to strike the original and

amended answers, counterclaim, and cross-petition, because the statements and allegations thereof and the cause of action, if any, set up therein did not affect nor was affected by the original cause of action set out in plaintiff's petition. Further, without waiving either of the two motions, the cross-defendants filed a special demurrer to Stephens & Steely's original and amended answers and cross-petitions, all based upon the one ground that the cause of action of Stephens & Steely, if any, was not the proper subject for a cross-petition in this suit, brought by the trustee in bankruptcy for the cancellation of the bankrupt's mortgage to them as preferential.

Not waiving these motions or special demurrer, they filed answer.

Upon final submission, the two motions of the cross-defendant, the appellant here (D. E. Bryant), and the special demurrer were all overruled and a judgment entered in favor of Stephens & Steely against the appellant for $2,500 and interest. Further, the judgment directed that the amount so adjudged against the appellant, Bryant, should be credited on the notes held by Stephens & Steely, representing an obligation against the bankrupt estate, and disposed of the entire estate by dismissing the petition of the trustee in bankruptcy and the cross-petition of the defendants, Stephens & Steely, against Hester Bryant Glore and husband.

The trustee prosecuted an appeal from the judgment dismissing the petition, and D. E. Bryant made a motion for a cross-appeal, which was granted.

Upon the former appeal, the court reversed the judgment of the lower court, in so far as it dismissed the petition of the trustee in bankruptcy, and directed the entry of a judgment holding the mortgage to be preferential and to inure to the benefit of all of L. E. Bryant's creditors.

Further, the court in its opinion stated that:

"On their cross-petition Stephens & Steely were adjudged to have a lien for $2,500 upon that portion of the premises that was conveyed to D. E. Bryant. No lien or recovery was given to or against Barnett, trustee, he had sought no relief against D. E. Bryant, and D. E. Bryant had sought none against him. On March 24, 1936, D. E. Bryant's motion for a cross-appeal against Barnett,

trustee, and Stephens & Steely was inadvertently sustained. That order, being now reconsidered, is now set aside, and the motion for cross-appeal is overruled and cross-appeal is dismissed. As between Barnett, trustee, and D. E. Bryant, there is no issue, no relief was sought or obtained by either against the other, and D. E. Bryant cannot obtain a cross-appeal against the appellees Stephens & Steely. A cross-appeal cannot be granted against an appellee. * * * If D. E. Bryant hopes to obtain relief from their $2,500 judgment, he must prosecute an original appeal therefrom against Stephens & Steely.''

In accordance with this direction contained in the opinion given on the first appeal, the appellant, D. E. Bryant, now prosecutes an original appeal, complaining that this judgment is erroneous in allowing the cross-plaintiffs, Stephens & Steely, a recovery of a credit, as asked, of $2,500 upon their mortgage note, with a first lien therefor against appellant's land embraced in the bankrupt's mortgage to them in the action brought by the trustee only for the purpose of having the bankrupt's mortgage, to Stephens & Steely set aside as a preference to them, and in fraud of his other creditors and seeking such an adjudication only as to the lands covered by the mortgage which were owned by the bankrupt.

This appeal, therefore, presents for our consideration, it appears, but the one question of whether or not the alleged joint obligation of D. E. Bryant (a third party) with the bankrupt mortgagor, for a debt secured by a mortgage, is grounds for an action which was commenced by the mortgagees, Stephens & Steely, by a cross-petition filed in a creditors' suit attacking the mortgage as fraudulent and preferential.

Appellant contends that it is not and that the court erred in otherwise holding. He argues that the cause of action set out in the petition, seeking a cancellation of the bankrupt's mortgage to Stephens & Steely, is based solely upon the fraud and preference thereby effected by the bankrupt against his general creditors, while the cause of action attempted to be set out in the original, and amended answer, counterclaim, and cross-petition is that D. E. Bryant was jointly obligated with the mortgagor, L. E. Bryant, on the notes secured by the mortgage complained of to the amount of $2,500.

Such being the different claims asserted and the relief sought in the original action from that sought by the cross-action, appellant argues that it is manifest that the question of whether the mortgage complained of by the trustee was fraudulent as to the creditors of the bankrupt, L. E. Bryant, in no way affects or is affected by the question as to whether some one other than the bankrupt owed a portion of the debt, represented by the several notes, secured by the mortgage executed by him.

By section 96, subsection 3, Civil Code of Practice, a cross-petition is defined as ''the commencement of an action by a defendant against a co-defendant, or a person who is not a party to the action, or against both * * * and is not allowed to a defendant, except upon a cause of action which affects, or is affected by, the original cause of action.''

The question thus raised, we are of the opinion, was considered and disposed of in our opinion given upon the first appeal, in accord with the appellant's contention, wherein we thus answered the question as to whether the Glores and D. E. Bryant should have been brought into this action by the defendant's cross-petition:

"When stripped to the bone, the plaintiff's petition said to the defendants: 'I am told you took from my bankrupt when he was insolvent a mortgage to secure a pre-existing debt.' 'Did you do it?' Instead of answering that simple question, defendants devoted all of these paragraphs 1 and 3 and much of paragraphs 2 and 4 to pleading and asserting certain rights they alleged they had to recover their debts from some one else. That had no proper place in this action by Barnett as trustee. Barnett as trustee had the right to have Stephens & Steely answer the simple question he had to them propounded, and if their answer raised an issue, then Barnett as trustee had the right to try out that issue without having it complicated and confused by the injection of an issue between Stephens & Steely on one hand and the parties they sought to bring in by their cross-petition on the other."

This same question was also presented in the cases of Wells v. Boyd, 62 Ky., 1 Duv., 366, 367, and Wahl v. Lockwood & Gasser, 227 Ky. 183, 12 S. W. (2d) 321, 322, relied on by appellant in support of his contention.

132

In the first case, Preston sued Boyd on a note and Boyd answered, bringing a cross-petition against Wells and Preston. Preston recovered judgment against Boyd on the original and cross action; Boyd recovered judgment against Wells on the cross-action; and Wells appealed. In reversing the judgment against Wells, this court said:

"The proceeding against Wells cannot * * * be sustained as a counter claim, nor by way of cross-petition; and his motion to dismiss the same should have been sustained."

In the second case, Brown et al. sued Wahl, and Wahl brought a cross-petition against Lockwood and Gasser. They demurred to his cross-petition, and same was dismissed, from which ruling he appealed. In affirming this ruling of the lower court, we said:

"The object of all trials is to discover the truth and to establish justice. In our efforts to do these things, we have adopted a Code of Practice. That Code recognizes a man's right to have his case heard and determined, if possible, without its being confused and commingled with any cause of action that another may have."

On the original appeal, prosecuted in this case, under the style of Bryant's Trustee v. Stephens et al., we said that the lower court erred in overruling the plaintiff's motion to strike certain paragraphs of the answer of Stephens & Steely bringing in the cross-defendants and this appellant, D. E. Bryant, and cited the Wahl Case, supra, as announcing the proper practice, as prescribed by the Code, in support of such holding.

Without further discussing this question, which would appear to have been determined by the authorities cited in harmony with appellant's contention here made, it is our conclusion that the judgment of the Whitley circuit court in otherwise holding was erroneous, as inconsistent with the rule of practice declared in the above cases and its judgment is, for such error, accordingly reversed, but without prejudice to the right of the appellees, to bring an original action against D. E. Bryant to determine the question of their rights, under the agreement and mortgage against him.

Judgment reversed.

Whole court sitting.