**Affirmed and Opinion Nunc Pro Tunc Filed December 8, 1998**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

---

No. 05-97-00586-CR
No. 05-97-00649-CR

---

**CHARLES REED SAYLES, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 291st Judicial District Court
of Dallas County, Texas
Trial Court Cause No. F95-30145-IU & No. F95-02123-TU**

---

## OPINION NUNC PRO TUNC

Before Justices Kinkeade, Whittington, and James
Opinion By Justice Kinkeade

We withdraw our opinion in these cases, which was issued on July 28, 1998. The following is now the opinion of the Court.

Charles Reed Sayles, Jr. appeals his convictions for theft of the value at least $1500 but less than $20,000. In cause number 05-97-00586-CR, appellant entered a negotiated plea of guilty. In cause number 05-97-00649-CR, in which the indictment included one

enhancement paragraph, appellant entered a negotiated plea of guilty to the charged offense and a plea of true to the enhancement paragraph. The trial court followed the plea agreements, found appellant guilty of both offenses, found the enhancement paragraph in cause number 05-97-00649-CR true, and sentenced appellant in each case to two years confinement in a state jail, probated for five years, and assessed a $500 fine. In cause number 05-97-00586-CR, the plea agreement, the magistrate's recommendation, and the box in the judgment ordering probation labeled "terms of negotiated plea bargain" all reflect that the terms of the plea bargain agreement included a $500 fine. The judgment ordering probation, however, incorrectly states that the fine assessed was $300. The State filed a motion to revoke appellant's probation in each case on January 8, 1997, alleging that appellant violated his probation conditions by committing the offense of driving while intoxicated. Appellant pleaded not true. The trial court found the allegation true, revoked appellant's probation in both cases, and sentenced appellant to two years' confinement for each offense.

During the revocation hearing, Addison police officer Williamson identified appellant as the individual he pulled over on November 22, 1996, after observing the vehicle appellant was driving straddling the lane divider and weaving between lanes. Williamson observed that appellant's eyes were very glassy and red, noticed the smell of alcohol on appellant's breath, and administered field sobriety tests, which appellant failed. Williamson testified that appellant did not have the normal use of his mental or physical faculties due to the ingestion

-2-

of alcohol.

Appellant elected to testify in his own defense. Appellant denied being intoxicated the night of his arrest, claimed that any erratic driving on his part occurred when he attempted to pick up the mobile phone he had dropped, and testified that he had only one beer on the night in question. During the State's cross-examination of appellant, the prosecutor, over defense counsel's objection, was allowed to ask appellant whether he thought "the officer was lying when he was in here testifying about [appellant's] erratic driving?" Appellant responded, "Yes, I do."

Appellant complains in his first point of error that allowing the State to ask appellant if he thought the police officer was lying constituted reversible error. Appellant, however, acknowledges in his brief that essentially the same testimony was elicited from appellant during subsequent questioning by the trial court. Further, defense counsel did not object to the subsequent testimony. Because substantially the same evidence came in elsewhere without objection, appellant failed to preserve this complaint for appellant review. *See Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986); *Maynard v. State*, 685 S.W.2d 60, 65 (Tex. Crim. App. 1985); *Edwards v. State*, 813 S.W.2d 572, 576 (Tex. App.--Dallas 1991, pet. ref'd). Additionally, assuming without deciding that the question was improper, we conclude the error does not require reversal. *See Reyes v. State*, 741 S.W.2d 414 (Tex. Crim. App. 1987) (discussing numerous cases in which similar alleged errors have been found harmless). Appellant's first point of error is overruled.

In his second point of error, appellant complains that his due process rights were violated during the revocation hearing because the trial judge allegedly abandoned his role as neutral fact-finder by questioning appellant. Specifically, appellant now attempts to complain about the "little talk" the trial court had with appellant after defense counsel and the State had finished questioning appellant. Appellant, however, never objected to the trial court's action. Thus, appellant waived any complaint regarding the trial court's action. *See* TEX. R. APP. P. 33.1 (requiring a contemporaneous objection); *Ontiveros v. State*, 890 S.W.2d 919, 926 (Tex. App.--El Paso 1994, no pet.) (op. on reh'g) (holding Ontiveros waived any complaint regarding the trial court's questioning of witnesses during a suppression hearing where Ontiveros failed to object during the hearing); *see also Lee v. State*, 952 S.W.2d 894, 898 (Tex. App.--Dallas 1997, no pet.) (en banc) (explaining that even constitutional rights can be waived). Further, unlike the jury trial cases relied on by appellant, this case involved a revocation hearing before the court. Considering the nature of the proceeding, the evidence presented during the hearing, and the actual dialogue between the trial judge and appellant, we conclude that the trial judge did not become so entangled as an advocate in the proceedings that he was unable to render an objective finding in these cases. *See Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App.--Texarkana 1995, no pet.); *see also In re S.J.*, 940 S.W.2d 332, 337-38 (Tex. App.--San Antonio 1997, no writ); *Bennett v. State*, 705 S.W.2d 806, 807 (Tex. App.--San Antonio 1986, no pet.) (plurality op.). Appellant's second point of error is overruled.

We affirm the trial court's judgment.

_____
ED KINKEADE
JUSTICE

Do Not Publish
Tex. R. App. P. 47
970586F.U05

Case Number: 05-97-00586-CR    Date Filed: 04/10/1997

Style: Sayles, Charles Reed Jr.
v.
The State of Texas

---

APP  Edwin M. Sigel
ATT 018347000
Attorney at Law,
Suite 800
4100 Spring Valley Road
Dallas, TX 75244
Phone 214/748-0909    214/851-5422

CTR  Donna R. Gehl
CTR 000004437
Acting Official Court Reporter
414 Magnolia
Forney, TX 75126
Phone 972/564-9658

DCK  District Clerk
DCK 000000291
291st Judicial District Court
133 N. Industrial Blvd
Dallas, TX 75207

JDG  Judge
JDG 000000291
291st Judicial District Court
133 N. Industrial Blvd
Dallas, TX 75207

STA  Lorraine A. Raggio
ATT 000792783
Assistant District Attorney
Frank Crowley Courts Building
133 N. Industrial Blvd., LB 19
Dallas, TX 75207-4399

CC: Clerk -

CC: Judge -

Author of Opinion Justice Kinkeade

Trial Court Judge Mays

Rehear denied_____

**\*THIS CASE IS RELEASED FOR PUBLICATION   YES / NO**



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHARLES REED SAYLES, Appellant

No. 05-97-00586-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas. (Tr.Ct.No. F95-030145-IU).
Opinion delivered by Justice Kinkeade, Justices Whittington and James participating.

We **VACATE** our July 28, 1998 judgment in this case. The following is now the judgment of the Court.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 8, 1998.

_____
ED KINKEADE
JUSTICE